# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jose Luis Herrera,

        Plaintiff,      Case No. 15-cv-12862
                              Hon. Judith E. Levy
v.                                 Mag. Judge R. Steven Whalen

Juan Jose Sanchez, Pascual
Guzman, Rogelio Lopez, John Doe
Owner, and El Cabrito LLC,

        Defendants.

_____/

## OPINION AND ORDER

Plaintiff Jose Luis Herrera alleges in his complaint that defendants are all citizens of Michigan, "[p]laintiff is a citizen of Mexico[,] and . . . the value of the matter in controversy exceeds $75,000," and thus the Court has jurisdiction under 28 U.S.C. § 1332 to hear his state-law claims. (*See* Dkt. 1 at 1-2.) However, plaintiff also alleges that he "is currently a resident of Wayne County." (*See id.* at 1.) The Court therefore ordered plaintiff to show cause by December 7, 2015, as to why the case should not be dismissed for lack of subject-

matter jurisdiction. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction . . . , and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted); *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (same).

Plaintiff filed a timely response, alleging that plaintiff "is a citizen of Mexico, and has no legal status within the United States, as he has not been granted permanent residency or other immigration relief within the United States." (*See* Dkt. 18 at 1-2.) According to plaintiff, he purchased real property in Michigan and lived here "for a period," but "did return to Mexico, and to date has not obtained legal status in the United States." (*See id.* at 2.) Plaintiff alleges that he "is not currently in the prices [sic] of applying for or obtaining permanent residency in the United States." (*See id.*) Since 2008, the time plaintiff provides he returned to Mexico, he has allegedly started "working, living, and otherwise making a life for himself in Mexico." (*See id.*) Plaintiff argues he was thus "domiciled in Mexico at the time the complaint was filed" on August 12, 2015. (*See id.*) Plaintiff's response

2

<2025-01-20>5:15-cv-12862-JEL-RSW Doc # 19 Filed 12/09/15 Pg 3 of 5 Pg ID 110

to the show-cause order is sufficient to establish the existence of subject-matter jurisdiction at this time.[1]

Section 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) Citizens of different States; [and] (2) citizens of a State and citizens of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

28 U.S.C. § 1332(a). The issue is whether plaintiff falls under the exception to § 1332(a)(2), in which diversity is defeated for "citizens of a State and . . . subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

"Aliens who have obtained lawful permanent resident status under the immigration laws (*i.e.*, aliens with green cards) are considered aliens admitted for permanent residence" under § 1332(a)(2). *Fleming v. Fed Ex Freight East, Inc.*, No. 06-cv-11275, 2006 U.S. Dist.

---

[1] "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735, 739 (6th Cir. 2005). If it later comes to light that plaintiff was domiciled in Michigan at the time of the complaint, the case will be dismissed.

3

LEXIS 49097, at *3 (E.D. Mich. June 23, 2006). However, "aliens admitted to the United States on any lesser status are not." *Paasewe v. Anjana Samadder, M.D., Inc.*, No. 04-cv-724, 2005 U.S. Dist. LEXIS 19870, at *9 (S.D. Ohio Sept. 13, 2005); *see also Kato v. Cty. of Westchester*, 927 F. Supp. 714, 716 (S.D.N.Y. 1996) ("[I]t is clear that [§ 1332(a)] affects only the status of those aliens with 'green cards'— admitted to the United States for permanent residence. Thus, aliens present in this country on any lesser status will still be considered aliens, able to invoke alienage jurisdiction against a citizen of a state.") (quoting 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.75[1.-5], at 800.56 (1991)) (alteration in original).

Plaintiff alleges that he is a citizen of Mexico, "to date has not obtained legal status in the United States," and "is not currently in the prices [sic] of applying for or obtaining permanent residency in the United States." (*See* Dkt. 18 at 1-2.) Based on these allegations, plaintiff is not a "permanent resident" within the exception to § 1332(a)(2). The Court thus has subject-matter jurisdiction, even if plaintiff is currently a "resident" of Wayne County, Michigan. (*See* Dkt.

4

1 at 1.) Defendant Juan Jose Sanchez's motion to dismiss, (see Dkt. 11), is set for hearing on February 18, 2016, at 2:00 PM.

IT IS SO ORDERED.

Dated: December 9, 2015           s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 9, 2015.

                                  s/Felicia M. Moses
                                  FELICIA M. MOSES
                                  Case Manager