UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jose Luis Herrera,

        Plaintiff,        Case No. 15-cv-12862

v.        Judith E. Levy
        United States District Judge
Juan Jose Sanchez,
        Mag. Judge R. Steven Whalen
        Defendant,

and

Juan Jose Sanchez,

        Counter-Plaintiff,

v.

Jose Luis Herrera,

        Counter-Defendant.

_____/

**OPINION AND ORDER DISMISSING CASE FOR WANT OF <u>SUBJECT-MATTER JURISDICTION</u>**

       Plaintiff/counter-defendant Jose Luis Herrera brought state-law claims against defendant/counter-plaintiff Juan Jose Sanchez and

defendants Pascual Guzman, Rogelio Lopez, John Doe, and El Cabrito, LLC, invoking diversity jurisdiction under 28 U.S.C § 1332 "because [p]laintiff is a citizen of Mexico and [] the value of the matter in controversy exceeds $75,000." (Dkt. 1 at 2; Dkt. 25 at 2 (amended complaint).) For the reasons set forth below, this Court lacks subject-matter jurisdiction and the case is dismissed.

Issues that go to the subject-matter jurisdiction of this Court may be raised *sua sponte*. *Loren v. Blue Cross & Blue Shield*, 505 F.3d 598, 607 (6th Cir. 2007). In response to an order to show cause filed on February 18, 2016 (Dkt. 21), plaintiff/counter-defendant Herrera stated that he is a citizen of Mexico with no legal status within the United States, *i.e.*, that he "has not been granted permanent residency or other immigration relief within the United States." (Dkt. 18.) In response to a separate order to show cause filed on December 7, 2016 (Dkt. 41), defendant/counter-plaintiff Sanchez stated that "for the purposes of this litigation only," he "acknowledges that he is not a citizen of the United States[,] nor is he a United States lawful permanent resident," *i.e.*, he does not have a Permanent Resident Card. (Dkt. 42.)

Thus, plaintiff/counter-defendant Herrera and defendant/counter-plaintiff Sanchez were both Citizens of Mexico without legal status in the United States when Herrera filed the complaint, the relevant time for determining whether diversity jurisdiction exists. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (diversity jurisdiction measured by "the state of facts that existed at the time of filing—whether [it be considered] shortly after filing, after the trial, or even for the first time on appeal"). "[T]he presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)." *U.S. Motors v. GM Eur.*, 551 F.3d 420, 424 (6th Cir. 2008). And the Court does not have jurisdiction under § 1332(a)(3) "because there is not a United States citizen on each side of the dispute." *See Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 509 F.3d 271, 273 (6th Cir. 2007).

Accordingly, the case is DISMISSED WITHOUT PREJUDICE for want of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: December 16, 2016        s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                      United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 16, 2016.

                                                         s/Felicia M. Moses
                                                         FELICIA M. MOSES
                                                         Case Manager